## WEISS v. SCHLEIMER.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. ORDERS TO SHOW CAUSE—PROOF—ORDER OF REFERENCE.
   On an order to show cause why an attorney should not pay over certain moneys of his client in his possession, where the affidavits were conflicting, and those of the attorney not responsive to certain pertinent allegations, while the court was justified in requiring further proof before disposing of the matter, yet, as the facts lay within small compass and were not complicated, it was improper to order a reference and subject the petitioner to the expenses attendant thereon.

Appeal from Special Term.

Order to show cause on application of Morris D. Weiss against Abraham Schleimer, an attorney.   From an order sending issues of fact to a referee, respondent appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. B. Schleimer, in pro. per.

Eugene L. Richards, Jr., for respondent.

PER CURIAM. This proceeding was instituted by an order to show cause, based upon the petition of the respondent Weiss, why the attorney, the appellant herein, should not pay to the petitioner $200. The petition sets forth that Schleimer was the attorney for the petitioner in an action brought by him against Solomon Silverman and one Abramson. The petitioner was defeated in such action, and judgments were awarded against him in a total sum of $433.38. After this judgment was entered, the petitioner, for the purpose of settling the same, delivered to Schleimer $275 under an agreement that, if the judgments were not satisfied within three days, the money was to be returned to the petitioner. Thereafter the petitioner was informed that the judgments had been settled for $175, and he demanded of his attorney the return to him of the difference, which was refused. Thereupon he applied to the attorneys for the defendants, and was informed by Feltenstein, one of said attorneys, that he had only been paid in satisfaction of the judgment $75. Thereupon proceedings were instituted by the last-named attorney in favor of the petitioner to compel the payment over to him by Schleimer of the $200. The petition further states that after this proceeding was instituted Schleimer paid to the attorneys Sanders and Feltenstein $125, and the proceeding instituted by them was thereupon discontinued without the consent of the petitioner. Thereupon he instituted this proceeding. The motion came on to be heard, and, as the affidavits were conflicting, the court directed a reference to take proof concerning the matter and report the same to the court. From the order so made, the attorney Schleimer appeals.

It is conceded that the petitioner delivered to his attorney, Schleimer, $275, to be used in settling the judgments which had been obtained against him. Both Sanders and Feltenstein make affidavits to the effect that Schleimer paid to them $250 in satisfaction of the judgment, but neither denies that the proceeding was instituted to compel Schleimer to pay the money, as stated by the petitioner; nor does either deny that the first payment made by Schleimer was only the sum of $75; nor does either deny that the proceeding to compel Schleimer to pay was discontinued after he had paid an additional $125. So far as appears, Sanders and Feltenstein were acting in this proceeding for the petitioner, and, although they are charged with having settled the same after payment by Schleimer without the consent of the petitioner, each is entirely silent in his affidavit upon such subject, and each contents himself with the statement that $275 was paid upon the 8th day of December. The order to show cause does not appear in the record. The petitioner swears that he did not go to Feltenstein until the 10th, and if the order was issued its date would be quite a pertinent piece of evidence, as would be the affidavits upon which it was based. It is also pertinent to observe that Schleimer nowhere in his affidavit denies that proceedings were instituted against him by Sanders and Feltenstein to compel the payment by him of this money. Such subject seems to have been studiously avoided in all

of the opposing affidavits, although such matter was plainly and fully stated in the petition. It is pertinent also in this connection to call attention to the fact that, although the payment of the judgments is stated to have been made in one sum and upon the same day, the checks which are produced show that one is for $200 and the other for $75. It would materially aid in this matter if it had been made to appear when these checks were delivered and when they were paid by the bank, and why it was necessary to draw two checks when, confessedly, Schleimer had the defendant's money for the full amount with which to pay before he drew either. It may be that all of these matters can be shown to be fair and honest, and that the transaction can be made so to appear when the witnesses are sworn and the papers are produced. It is enough for us now to say that the court was entirely justified in requiring further proof before disposing of the charge. The amount involved is small, but the proceeding is important, and should provoke a careful examination into the facts.

We are of opinion, however, that a reference ought not to have been ordered, nor the petitioner be subjected to the expense attendant thereon. The facts are not complicated, and the proof lies in a small compass. Either the attorney should be vindicated of the charge or be summarily dealt with. The rights of both parties ought to be speedily settled, and we think, in view of the nature of the charge and the character of the proof, that the court ought to dispose of the matter without the intervention of an expensive reference.

It follows, therefore, that the order of reference should be set aside, and the case remitted to the Special Term for disposition. No costs of this appeal to either party.